IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-78-BO

| | |
|---|---|
| JAHMAL TREMAINE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| EQUIFAX INC., | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on defendant's motion to dismiss. [DE 5]. The motion has been fully briefed and is ripe for disposition. For the reasons that follow, defendant's motion to dismiss [DE 5] is GRANTED.

## BACKGROUND

In January 2019, plaintiff filed a *pro se* complaint in state court in Wake County, North Carolina. [DE 1-1]. The complaint, in its entirety, alleges as follows:

> Nature of this complaint is towards (i) Professional Negligence and (ii) Violation of FCRA (fair credit reporting act). Under the Fair Credit Reporting Act 611 (a)(1) Equifax, Inc. continuously without merit have reported inaccurate information AFTER numerous disputes via direct certified mail, Better Business Bureau portal, CFPB portal, and NC Attorney General dept. This has resulted in damages.

[DE 1-1, p. 1]. Plaintiff requests $10,000.00 in damages. *Id.* Plaintiff appears to allege that defendant deliberately reported his credit history inaccurately even after he had "provided proof of inaccuracy." [DE 11, p. 7–8]. In March 2019, defendant timely removed the action to this Court. [DE 1]. Defendant then moved to dismiss the action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [DE 5]. Plaintiff has responded in opposition. [DE 11].

DISCUSSION

Defendant has moved to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action with the support of conclusory statements does not suffice. *Iqbal*, 556 U.S. at 678. The Court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Although a *pro se* litigant is not held to the same strict pleading requirements as attorneys, *Estelle v. Gamble*, 429 U.S. 97, 106–07 (1976), "a *pro se* complaint must still contain sufficient facts 'to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'" *Cosner v. Dodt*, 526 F. App'x 252, 253 (4th Cir. 2013) (quoting *Twombly*, 550 U.S. at 555, 570).

Plaintiff's complaint must be dismissed. Even viewing the complaint in the light most favorable to plaintiff, it is indisputable that the complaint contains only cursory allegations of violations of the Fair Credit Reporting Act (FCRA) without supporting factual content. Plaintiff's efforts at adding additional detail in his response in opposition to defendant's motion is unavailing. Plaintiff appears to allege violations of § 623 and § 611 of the FCRA, codified at 15 U.S.C. § 1681s-2 and § 1681i, respectively. But § 1681s-2 applies to furnishers of information to credit

2

reporting agencies (like defendant), and not to credit reporting agencies themselves. 15 U.S.C. § 1681s-2; *see also Saunders v. Branch Banking & Tr. Co. of Va.*, 526 F.3d 142, 148 n.3 (4th Cir. 2008) ("A CRA can best fulfill its obligation to report accurately under § 1681e if it receives accurate information from a furnisher under § 1681s-2."). Defendant is not a furnisher, and plaintiff has not alleged that defendant is a furnisher, so § 1681s-2 is inapplicable. To state a claim for a violation of § 1681i, on the other hand, a plaintiff "must first show that his credit file contains inaccurate or incomplete information." *Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 451 (E.D. Va. 2009) (internal quotations omitted). But even accepting all of plaintiff's allegations as true, there is no factual support—either in plaintiff's complaint or in his response in opposition to defendant's motion to dismiss—for the allegation that plaintiff's credit file contains inaccurate information. There is simply no factual support in the complaint on which the Court could evaluate the merits of plaintiff's claims. Plaintiff has failed to allege sufficient facts to state a plausible claim for relief. As such, defendant's motion to dismiss is granted, and plaintiff's complaint is dismissed.

## CONCLUSION

For the above reasons, defendants' motion to dismiss [DE 5] is GRANTED. Accordingly, this action is DISMISSED. The Clerk is DIRECTED to close the case.

SO ORDERED, this **23** day of April, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

3